IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Leon McClain,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV 07-328-PHX-SRB (JCG)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Anthony Leon McClain, who is presently confined in the Rincon Unit of the Arizona State Prison Complex in Tucson, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1), Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 12) and Petitioner's Reply. (Doc. No. 13.) The Magistrate Judge recommends that the District Court deny the Petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 19, 2002, Petitioner pled guilty to one count of kidnapping and one count of armed robbery in Maricopa County Superior Court Case No. CR-2002-018421. (Answer, Ex. E.) Petitioner also pled guilty to two counts of kidnapping and one count of armed robbery in Maricopa County Superior Court Case No. CR-2002-018046. (*Id.*) In the plea agreement, Petitioner admitted to having "not more than two prior felony convictions." (Answer, Ex. C, pg. 4.) Petitioner was sentenced on February 28, 2003. (Answer, Ex. G.)

1  During sentencing, the trial court considered Petitioner's two prior felony convictions as
2  aggravating factors. (*Id.*, pg. 30.)  The trial court sentenced Petitioner to concurrent 18-year
3  terms of imprisonment for each of the convictions in CR-2002-018421. (Answer, Ex. G.)
4  The trial court sentenced Petitioner to concurrent 19-year terms of imprisonment for each
5  conviction in CR-2002-018046. (*Id.*)  Per the plea agreement, the sentences in CR-2002-
6  018046 and CR-2002-018421 were ordered to run concurrently. (*Id.*)

7  On March 11, 2003, Petitioner filed a Notice of Post Conviction Relief. (Answer, Ex.
8  K.) On August 11, 2003, Petitioner's court-appointed counsel filed a "Rule 32.4(c)(2) Notice
9  of Completion" indicating that she could find no colorable claims to raise in a petition.
10 (Answer, Ex. I.) On August 14, 2003, the trial court provided Petitioner with additional time
11 to file a *pro per* petition. (Answer, Ex. J.)

12 Petitioner filed a *pro per* Petition for Post Conviction Relief pursuant to Rule 32, Ariz.
13 R. Crim. P., on September 23, 2003 ("Rule 32 Petition"). (Answer, Ex. H.) Petitioner
14 presented five claims in his Rule 32 Petition: (1) the trial court failed lawfully to pronounce
15 Petitioner's judgments at sentencing, as required by Rule 26.10; (2) the trial court failed
16 lawfully to order Petitioner's restitution payments, as required by A.R.S. § 13-603(c); (3) the
17 trial court failed lawfully to pronounce the commencement dates for the terms of
18 imprisonment; (4) the trial court failed to pronounce and sentence Petitioner to community
19 supervision, in violation of due process and Rule 26.1(b); and (5) Petitioner was denied
20 effective assistance of counsel during sentencing, in violation of the 6th Amendment, because
21 counsel failed to object to the sentencing errors outlined in claims 1-4. (Answer, Ex. H.) On
22 January 5, 2004, the trial court denied the Petition. (Answer, Ex. L.)

23 On February 3, 2004, Petitioner filed a Petition for Review of the trial court's denial
24 of his Rule 32 Petition in the Arizona Court of Appeals. (Answer, Ex. M.) In his Petition
25 for Review, Petitioner presented four claims: (1) the trial court violated Petitioner's due
26 process rights by failing to pronounce Petitioner's judgments at sentencing, as required by
27 Rules 26.10 and 26.16(a), Ariz. R. Crim. P.; (2) the trial court violated Petitioner's due
28

- 2 -

process rights by failing to pronounce the commencement dates for the terms of Petitioner's imprisonment as required by Rules 26.10(b)(4) and 26.16(a), Ariz. R. Crim. P.; (3) the trial court violated Petitioner's due process rights by failing to pronounce the commencement dates for the terms of Petitioner's community supervision as required by Rules 26.1(b), 26.10(b)(4) and 26.16(a), Ariz. R. Crim. P.; and (4) Petitioner was denied effective assistance of counsel during sentencing, in violation of the 6th Amendment, because counsel failed to object to the trial court's errors identified in claims 1-3. (*Id.*)

On July 28, 2004, Petitioner filed a "notice of supplemental citation." (Answer, Ex. N.) The Arizona Court of Appeals treated the notice as a motion to file a supplemental petition for post conviction relief, granted the motion, and stayed Petitioner's appellate proceedings in order for Petitioner to supplement his Rule 32 Petition in the trial court. (Answer, Ex. O.) Petitioner filed a supplemental Rule 32 Petition in the trial court on October 14, 2003, raising one claim: that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), because the trial court considered facts not determined by a jury when enhancing Petitioner's sentence. (Answer, Ex. P.) On January 5, 2005, the trial court denied the supplemental petition. (Answer, Ex. R.)

On February 3, 2005, Petitioner filed a supplemental Petition for Review in the Arizona Court of Appeals, raising one claim: that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). (Answer, Ex. S.) On July 21, 2005, the Arizona Court of Appeals denied review of Petitioner's Petition for Review and his supplemental Petition for Review. (Answer, Ex. U.) Petitioner petitioned the Arizona Supreme Court for review; the Arizona Supreme Court summarily denied review on December 8, 2005. (Answer, Exs. V & W.)

On February 12, 2007, Petitioner filed his pending Petition for Writ of Habeas Corpus in federal court. (Doc. No. 1.) Petitioner's Petition presents three claims for relief:

1. **Ground 1:** Petitioner did not knowingly, voluntarily and intelligently waive his right to have a jury determine the aggravating factors during sentencing;

- 3 -

2.   **Ground 2:** Petitioner received ineffective assistance of counsel when trial counsel (a) failed to confer with Petitioner regarding the facts of his case, (b) stated to the court that Petitioner had prior felony convictions, (c) failed adequately to advise Petitioner of the possible range of sentences in his case, and (d) failed to advise Petitioner of the consequences of his disclosures at the sentencing hearing;

3.   **Ground 3:** The statutes relied on by the trial court during sentencing violated *Blakely v. Washington*, 542 U.S. 296 (2004).

(Petition, pgs. 5-8.)

## **DISCUSSION**

The Magistrate Judge recommends that the Petition be denied because Petitioner has failed to exhaust his state court remedies with respect to Grounds 1 and 2 and because Ground 3 is without merit.

**A.   Exhaustion**

    **I.   Legal Standard**

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). First enunciated in *Ex parte Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The requirement is grounded in principles of comity, and reflects a desire to protect state courts' roles in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted). The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *See Rose*, 455 U.S. at 519. A petitioner must have also presented his claim in a procedural context in which its merits will be considered. *See Castille*, 489 U.S. at 351. A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**ii.    Grounds 1 and 2**

Petitioner did not present Grounds 1or 2 in his Rule 32 proceedings and cannot raise those claims for the first time in federal court. Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief on Grounds 1 or 2 in state court absent an applicable exception, which Petitioner does not assert. *See* Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). Thus, Grounds 1 and 2 are technically exhausted but procedurally defaulted, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 749-50 (citations omitted; internal quotation marks omitted); *Thomas v. Goldsmith*, 979 F.2d 746, 749 (9th Cir. 1992). "'Cause' is a legitimate excuse for the default, and 'prejudice' is actual harm resulting from the alleged constitutional violation."

*Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991)(citing *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984)). "To demonstrate cause, a petitioner must show that some objective factor external to the defense impeded [petitioner's] efforts to raise the claim in state court." *Bonin v. Calderon*, 77 F.3d 1155, 1158 (9th Cir.)(citations omitted; internal quotation marks omitted), *cert. denied*, 516 U.S. 1143 (1996). To prove that a fundamental miscarriage of justice will result from the failure to consider the claims raised in a habeas petition, a prisoner must make a factual showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 322-23 (1995); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup*, 513 U.S. at 324.

In his Reply, Petitioner concedes that he has failed to exhaust Grounds 1 and 2, but argues that such failure should be excused due to the fact that Petitioner does not have access to a law library. (Reply, pgs. 1-4.) This claim, however, does not amount to a showing of cause and prejudice. Petitioner's right of access to the courts requires the state to provide prisoners with access to a law library or other legal assistance only through the pleading stage of a habeas or civil rights action, including preparation of reply to answer, cross-claim or counterclaim. *See Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995). In the present case, it is evident from the record that Petitioner was provided with the legal assistance necessary to file the appropriate pleadings in state and federal court. Accordingly, Grounds 1 and 2 should be dismissed for failure to exhaust.

### iii.     Ground 3

Petitioner properly presented Ground 3 in his Rule 32 proceedings. Accordingly, Ground 3 is properly exhausted and the Court will consider the merits of the claim.

### B.     Merits

#### i.     Standard of Review

On habeas review, a state court's findings of fact are entitled to a presumption of correctness when fairly supported by the record. *Wainwright v. Witt*, 469 U.S. 412, 426

(1985). The presumption of correctness also applies to a state appellate court's findings of fact. *Sumner v. Mata*, 449 U.S. 539, 546 (1981). The question presented in a state prisoner's petition for a writ of habeas corpus is "whether the state proceedings satisfied due process." *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991).

Federal courts may entertain a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. *Reed v. Farley*, 512 U.S. 339 (1994). General improprieties occurring in state proceedings are cognizable only if they resulted in fundamental unfairness and consequently violated the petitioner's Fourteenth Amendment right to due process. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Bonin*, 77 F.3d at 1158. The Supreme Court has held in the habeas context that "this Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) govern this case and pose special burdens. *Chein v. Shumsky,* 373 F.3d 978, 983 (9th Cir.2004) (en banc). Under AEDPA, when reviewing a state criminal conviction, a federal court may grant a writ of habeas corpus only if a state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under § 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court cases or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result different from" that precedent. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). A

- 7 -

state court decision is an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle" from a Supreme Court decision "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In considering whether a state court has unreasonably applied Supreme Court precedent, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *Bell v. Cone,* 535 U.S. 685, 694 (2002). In conducting habeas review, we "presum[e] that state courts know and follow the law." *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002).

### ii. Ground 3

Petitioner does not claim that, in considering the Rule 32 petition, the trial court applied a rule inconsistent with the appropriate federal law. It is undisputed that the trial court considered Petitioner's claim that his sentence violated *Blakely* in light of the holding set forth in *Blakely*.[1] (Answer, Ex. R.)

The record demonstrates that the trial court's application of *Blakely* to the facts was clearly reasonable. In *Blakely*, the United States Supreme Court reaffirmed its holding, first expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 542 U.S. at 301. Thus, *Blakely* excludes prior convictions from its holding that aggravating factors must be found by a jury in order to be considered during sentencing. In evaluating Petitioner's Rule 32 petition, the trial court found that Petitioner's sentence was aggravated only by two prior felony convictions to which Petitioner admitted in his plea agreement and

---

[1] When applying the AEDPA and reviewing whether a state court decision is contrary to federal law, this court must look to the state's last reasoned decision as the basis for its judgment. *Avila v. Galaza*, 297 F.3d 911, 918 & n. 6 (9th Cir.2002).

- 8 -

1  defense counsel acknowledged at sentencing. (*Id.*) Review of the record supports the trial
2  court's findings: in his plea agreement, Petitioner admitted to having "not more than two
3  prior felony convictions" (Answer, Ex. C, pg. 4) and his defense counsel acknowledged his
4  prior convictions at sentencing. (Answer, Ex. G, pg. 25.) The trial court correctly applied
5  *Blakely* in denying Petitioner's Rule 32 petition on the ground that *Blakely* does not require
6  a jury to find prior convictions, where the defendant admits those convictions, in order for
7  those convictions to be used as aggravating factors during sentencing.

## CONCLUSION

9   Based on the foregoing, the Magistrate Judge recommends that the District Court enter
10  an order DENYING the Petition for Writ of Habeas Corpus.
11  Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within
12  ten days of being served with a copy of the Report and Recommendation. If objections are
13  not timely filed, they may be deemed waived. If objections are filed, the parties should use
14  the following case number: **CV 07-328-PHX-SRB.**
15  The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner
16  and counsel for Respondents.
17  DATED this 12th day of December, 2007.

_____
Jennifer C. Guerin
United States Magistrate Judge

- 9 -