**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Leon McClain,  <br><br>   Petitioner,  <br><br>vs.  <br><br>Dora B. Schriro, et al.,  <br><br>   Respondents. | No. CV07-0328-PHX-SRB  <br><br>**ORDER** |

Petitioner, Anthony Leon McClain, filed his Petition for Writ of Habeas Corpus on February 12, 2007, presenting three claims for relief: 1) that he did not knowingly, voluntarily and intelligently waive his right to have a jury determine the aggravated factors to justify an aggravated sentence; 2) that he was denied effective assistance of counsel because trial counsel failed to confer with him regarding the facts of his case, admitted to the court that he had two prior felony convictions, failed to adequately advise him of the possible range of sentences and failed to advise him of the consequences of his disclosures at the sentencing hearing; and 3) that he was denied his right to a jury trial on aggravating factors used at sentencing.

Respondents filed their answer to the petition on June 20, 2007 and Petitioner filed a response to the answer on July 20, 2007. On December 13, 2007, the Magistrate Judge issued her Report and Recommendation in which she found that Petitioner failed to present his first and second grounds for relief to the state court in his Rule 32 Post-Conviction Relief

1 proceedings and could not raise them for the first time in federal court. Petitioner conceded
2 in his response to the answer that he had failed to exhaust his first and second grounds in
3 state court but argued that such failure should be excused because he does not have access
4 to a law library. He also requested postponement of consideration of his petition and that the
5 state court appoint counsel and afford him a hearing to develop the record [1]

6 As to ground three, the Magistrate Judge concluded that it had been properly
7 exhausted but was without merit.

8 Petitioner filed a timely objection to the Report and Recommendation arguing that to
9 deny his petition would result in a manifest injustice and a grave miscarriage of justice with
10 respect to the finding of procedural default with respect to grounds one and two. With respect
11 to ground three, Petitioner argues extensively that he should not have been sentenced under
12 the statutory scheme for historic prior felony convictions. But as pointed out in Respondents'
13 response to the objections to the Report and Recommendation, Petitioner was not sentenced
14 under the statutes establishing sentencing ranges for individuals sentenced with historical
15 prior felony convictions. As noted in the plea agreement, Petitioner was sentenced as a first-
16 time dangerous offender under A.R.S. §13-604, for which the sentencing range for his five
17 class three felonies was a minium sentence of 7 years, a maximum sentence of 21 years and
18 a presumptive sentence of 10.5 years. Petitioner's prior felony convictions were utilized by
19 the trial court to justify the aggravated sentences imposed of 18 years for the two counts in
20 CR2002-018421 and 19 years for the three counts in CR2002-018046.

21 The Court agrees with the Magistrate Judge that nothing in the Petition for Writ of
22 Habeas Corpus and the response to the Respondents' answer established cause and prejudice
23 to excuse the default and permit this Court to review grounds one and two not previously

---

[1] The record reflects that Petitioner was appointed counsel on his Petition for Post-Conviction Relief but counsel could not find colorable claims to raise. The trial court then provided Petitioner with additional time to file *pro per* supplemental petition, which he did.

- 2 -

1  presented to the state court. The objections provide no additional basis establishing legal
2  cause and prejudice to excuse the default.

3  The Court also agrees with the Report and Recommendation of the Magistrate Judge
4  that, while fully exhausted, ground three is without merit and the trial court's application of
5  *Blakely v. Washington*, 542 U.S. 296 (2004) was clearly reasonable. Although the United
6  States Supreme Court in *Blakely* found that factors that increase the penalty for a crime
7  beyond a prescribed statutory maximum must be submitted to the jury and proved beyond
8  a reasonable doubt, excepted from this general rule was the fact of a prior felony conviction.
9  Petitioner's two prior felony convictions were submitted to the trial court and admitted in
10 evidence as reflected in the transcript of the sentencing hearing (Exhibit G to Respondents'
11 answer). In that transcript, on page 5 beginning at line 18, the prosecutor reminds the judge
12 that defendant's certified priors as well as certain photographs had been moved and were
13 admitted into evidence. They were also admitted by Petitioner in his plea agreement and by
14 defense counsel at sentencing. Moreover, in his ruling on the Rule 32 Supplemental Petition
15 raising the *Blakely* issue, the trial judge confirmed that his finding that the defendant had two
16 prior felony convictions supported the aggravated sentences (Exhibit R to Respondents'
17 answer). There was no *Blakely* Sixth Amendment violation in the court's consideration and
18 imposition of an aggravated sentence based on these two prior felony convictions. The
19 objections of Petitioner to the Report and Recommendation with respect to ground three are
20 also overruled.

21 The Court having made a *de novo* review of the record in this case and having
22 considered the written objections filed by Petitioner as well as Respondents' response to
23 those objections, the Court finds itself in agreement with the Report and Recommendation
24 of the Magistrate Judge in this matter.

25 IT IS ORDERED overruling Petitioner's objections to Report and Recommendation
26 of the Magistrate Judge.

27 IT IS ORDERED adopting the Report and Recommendation of the Magistrate Judge
28 as the order of this Court.

1     IT IS FURTHER that the Petition for Writ of Habeas Corpus is denied.

3     DATED this 14th day of January, 2008.

_____
Susan R. Bolton
United States District Judge

- 4 -